**WILCOX OIL CO.  v.  LAWSON.**

No. 35473.

Supreme Court of Oklahoma.

March 16, 1954.

Rehearing Denied June 29, 1954.

P. D. Erwin, Chandler, Horace B. Clay, Tulsa, for plaintiff in error.

Joe Young, Chandler, for defendant in error.

PER CURIAM.

G. E. Lawson brought this action in the District Court of Lincoln County against defendant Wilcox Oil Company for damages for loss of certain cows.

In essence plaintiff's petition alleges that he is the owner of the surface of 320 acres of land in Lincoln County all of which was in pasture and on which he kept a number of Black Angus cows; that defendant on and prior to February 2, 1951, was the owner of the oil and gas lease on said lands and was producing a number of oil wells thereon; that on or about said date defendant left a bleeder gate open on one of its wells, allowing a large quantity of oil, salt water, and other deleterious substances to drain therefrom forming a large pool from which seven of his cows drank resulting in the death of two cows and severe illness and damage to the other five, all to his damage in the sum of $1450.

As its first proposition plaintiff in error here, defendant below, contends that plaintiff's petition does not state a cause of action and that it was error to overrule its demurrer to the petition. The allegations of the petition are sufficient to state a cause of action and demurrer was properly overruled.

In support of the allegations of his petition plaintiff's evidence reasonably tends to show that defendant in repairing a water line which crossed plaintiff's land near the well in question and which carried water from the river to other leases owned by defendant dug a hole about three feet square and three feet deep so that a joint in the pipe could be replaced; that this hole was about 40 feet downslope from the well in question; that this hole was left open for a period of about 10 days; that during this period the temperature was near zero and all fresh water ponds were frozen over; that while the hole remained open the bleeder gate of the oil well in question was left open for a period of several days and oil and salt water escaped from this bleeder gate, ran downslope to the hole above mentioned and collected there; that this well and the bleeder gate thereon were in the exclusive control of defendant; that a trail of oil lead from the bleeder gate to the hole which had about a half barrel of oil in addition to salt water collected in it; that seven of plaintiff's cows drank this oil and

salt water; that the cows had oil all over their noses and inside their nostrils; that two cows, one a registered Black Angus worth from $400 to $500 and one A grade Black Angus heavy with calf worth $300, died from the effects of drinking the oil and salt water; that the other five, each worth $300 before drinking the oil, lost a great deal of weight and were ill for several months so that their value had decreased to $100 each.

Defendant's evidence for the most part is in direct conflict.

The cause was tried to the court. The court rendered judgment for plaintiff for $1450. From order overruling motion for new trial defendant appeals.

Defendant contends that plaintiff's evidence is insufficient to show that it allowed oil or salt water to run into any tank, pool or stream used for watering stock or that it allowed oil and salt water to collect in an area beyond what was reasonably necessary in the operation of producing oil from this well.

 The acts of defendant as shown by plaintiff's evidence, outlined above, were not the ordinary and usual happenings in the prodution of oil from an oil well but were such under the conditions then existing that defendant could reasonably have anticipated that the open bleeder gate would allow oil and salt water to escape from the well; that the oil would run downslope and collect in the open hole; that the cattle, known by it to be in the pasture, would drink therefrom to their injury. The evidence is sufficient to sustain the judgment of the court.

Affirmed.

JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.

HALLEY, C. J., and BLACKBIRD, J., dissent.

This court acknowledges the services of Attorneys George T. Arnett, author; Ed Shipp and Bill Steger, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.